```
IN THE UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3048 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT E. SWIFT, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

Defendant has moved for release to inpatient treatment at NOVA. The pretrial services officer is opposed to the release as requested by the defendant. The government has not responded to the motion.

Defendant has supported his motion with a Substance Abuse Evaluation conducted by First Step Recovery and Wellness Center. It traces his history and concludes that he is currently dependent upon cannabis, cocaine, alcohol, and hallucinogens. It recommends he complete an adult residential treatment program. The pretrial services officer reports that defendant's information has been screened by NOVA for admission to its long-term residential program, but there is a two-month waiting list before he could be admitted.

According to the pretrial services report, defendant's criminal history includes three felony convictions. He has served time twice, last discharged from parole in July, 1999. He has had four charges of assault and two convictions. In addition, his fiancee of two years, with whom he lives, filed a

protection order against him in 2005 and withdrew it a month later; he has another domestic assault conviction (one of his two assault convictions) from February, 2006 in Polk County, Iowa. During his parole from his 1989 convictions, he violated his conditions three times, eventually receiving a mandatory discharge at the conclusion of his sentence in 1992.  However, when he was paroled on his 1994 convictions, he apparently successfully completed parole, though it was only for four months.  He has had two episodes of prior drug treatment, both while serving in prison.  In contrast to his report to the evaluator, he reported to the pretrial services officer that he stopped using marijuana two years ago and that he has never used methamphetamine, cocaine, heroin, ecstacy, LSD, PCP, any other illegal drugs in his lifetime.

   Setting aside the obvious difference in his reporting about his substance abuse and the concomitant possibilities of his understating his use at the time of the pretrial services interview to help him get released on bail, and/or his more recently overstating his use to the evaluator to get out of jail, it is apparent that the defendant has a problem with at least alcohol and probably other drugs.  His two prior treatment episodes both occurred while in custody, and there is no record of him voluntarily entering treatment when he was not incarcerated.  That history hardly suggests sincerity in his present request for release to a treatment program.

   Considering all of these factors, I conclude the defendant should be permitted to participate in the NOVA long-term residential treatment program, if he can be admitted there and pay for it himself.  Otherwise, he should remain in custody.

IT THEREFORE HEREBY IS ORDERED,

Defendant's motion for release to treatment, filing 17, is granted in part, and the pretrial services officer shall have the defendant screened for admission to NOVA's long-term treatment program at his own expense; at such time as he is preparing to be admitted, the officer shall notify the undersigned for entry of an appropriate order.

DATED this 29th day of April, 2008.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge